UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESSE H. SWINSON,

    Petitioner,

v.                                  Case No. 09-C-411

BRADLEY HOMPE,

    Respondent.

## ORDER

Jesse Swinson filed this petition pursuant to 28 U.S.C. § 2241, asserting that the Wisconsin Parole Commission and various state employees have been hampering his efforts to be paroled, in violation of state law and the Constitution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases.[1] During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

---

[1] This is a "screening" order pursuant to Rule 4 of the Rules Governing Section 2254 cases. Although the petition is filed under § 2241 rather than § 2254, Rule 4 still applies by virtue of Rule 1(b): "In applications for habeas corpus in cases not covered by [§ 2254], these rules may be applied at the discretion of the United States district court." *See, e.g., Boutwell v. Keating,* 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005).

Petitioner was sentenced to twenty-nine years in 1999 for several charges relating to theft from his employer. After he served one-quarter of his sentence, the Wisconsin Parole Commission denied his request for parole. Petitioner's claims are set forth in a lengthy brief. He asserts that the state parole system has set up certain categories of prisoners who have a protectible liberty interest in parole eligibility. He also asserts that certain state employees, whom he describes as predicate actors, have violated the separation of powers doctrine by keeping him and others like him locked up longer than the legislature intended. Moreover, they have usurped the power of the judiciary by keeping him in prison longer than the courts intended. In essence, he believes he should have been paroled at his first eligibility date, and the individuals responsible for denying his parole violated a panoply of state laws and procedures and failed to adequately consider his circumstances and filings he attempted to make with the commission.

It is obvious from the petition that most of Petitioner's claims involve alleged violations of state law rather than federal law. Under 28 U.S.C. § 2241(c)(3), the only provision applicable to Petitioner, a writ of habeas corpus shall not issue unless a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." As such, claims involving separation of powers of the state government are not cognizable in a federal habeas proceeding. *Baca v. Owens,* 293 Fed. Appx. 247, 250, 2008 WL 3380769, 1 (5th Cir. 2008) ("To the extent that Plaintiffs' complaint alleges a claim under the federal Separation of Powers doctrine, the district court's dismissal of this claim was proper. Plaintiffs' claims involve only state branches of government. Accordingly, they have not established a federal constitutional violation based on the Separation of Powers doctrine.") Similarly, the Petitioner's other state-law claims involving administrative rules and the discretion employed by state employees are not properly before this Court.

2

Petitioner does argue that he had a liberty interest in parole and thus that the parole commission and its agents violated due process by failing to consider the factors he believes they should have considered. Although that is conceivably a federal claim, it is an erroneous one. At the time applicable to Petitioner, Wisconsin's parole regime was completely discretionary, as the court of appeals held. (Petition at 54.) This means that a Wisconsin inmate is not guaranteed parole merely by meeting set criteria; he must rely on the discretion of the parole board. *Pettigrew v. Raemisch,* 295 Fed.Appx. 830 (7th Cir. 2008). Even Petitioner's own brief speaks of "discretionary" parole. Although he may obtain review in state courts if the discretion exercised was arbitrary, that does not provide any basis for a claim arising under the United States Constitution or laws. Indeed, because there is no liberty interest in early parole, there is not even a right to a hearing (at least as far as the Due Process Clause is concerned). *Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006). Accordingly, Petitioner's complaints about his hearing and the procedures used do not state a claim under the Constitution.[2]

Accordingly, because the petition does not set forth any violations of federal law or the Constitution, the petition is **DISMISSED**.

**SO ORDERED** this   27th   day of April, 2009.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge

---

[2] Petitioner makes a number of other arguments touching on provisions of the U.S. Constitution (for example, the Supremacy and Double Jeopardy Clauses) but these are not grounds for release from custody.