UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESSE H. SWINSON,

        Petitioner,

  v.                                      Case No. 09-C-411

BRADLEY HOMPE,

        Respondent.

**ORDER**

Jesse Swinson filed a petition pursuant to 28 U.S.C. § 2241, asserting that the Wisconsin Parole Commission and various state employees have been hampering his efforts to be paroled, in violation of state law and the Constitution. I dismissed the petition in a screening order, and Swinson has now moved for reconsideration. The motion will be granted in part.

First, Swinson reasserts the argument that even though Wisconsin's parole regime was discretionary, he nevertheless had a liberty interest in parole. That is not true, and this Court (as well as the state courts) have already addressed the argument. *Thompson v. Veach,* 501 F.3d 832, 836 (7th Cir. 2007) (parole statutes without mandatory language creating an expectancy of release do not create constitutionally protected liberty interests).

He further asserts that the state is retroactively applying newer regulations to his parole review, in violation of the Ex Post Facto clause. Despite his claims to the contrary, this argument was not apparent in his original petition (although the petition did make numerous citations to the Ex Post Facto clause). Petitioner also cites a case from the Western District in which a similar claim was allowed to proceed past the screening stage (although the case indicates that the petitioner

would "not have an easy time" trying to prove such a claim). *Sanders v. Graham,* 2009 WL 77879 (W.D. Wis., January 9,2009). Although that claim was allowed to proceed in *Sanders*, it did so under § 1983, which does not have an exhaustion requirement. Section 2241 *does* have such a requirement, and it does not seem it was met in this case because none of the state court decisions attached to the petition addressed an Ex Post Facto argument. *Coady v. Vaughn,* 251 F.3d 480, 2001 WL 584850 (3d Cir. 2001) (dismissing § 2241 Ex Post Facto claim for failure to exhaust). Such arguments are routinely heard by state courts hearing motions for sentence modification or reviewing the denial of parole on certiorari review. *See, e.g., State ex rel. Mallory v. Wisconsin Parole Com'n,* 2004 WI App 205, 2004 WL 1946149, 2 (Wis. Ct. App. 2004) (affirming denial of ex post facto argument on certiorari review). Thus, it appears petitioner had a forum for raising an Ex Post Facto argument but failed to do so.

Still, at this stage it would be precipitous to assume that petitioner failed to exhaust this argument. It is possible that petitioner raised it at the state level and it was never considered by the state courts. Accordingly, I will treat the motion for reconsideration as a motion to amend the petition to add an Ex Post Facto claim. The respondent is directed to respond to that claim on both the procedural exhaustion issue as well as the merits.

**THEREFORE, IT IS ORDERED** that the motion for reconsideration is **GRANTED**, in part, such that the petition will be amended to state a claim alleging a violation of the Ex Post Facto clause. All other claims remain dismissed. Within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 30 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits. Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707. This

3

Case 1:09-cv-00411-WEC   Filed 06/09/09   Page 3 of 4   Document 5

district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

**SO ORDERED** this   9th   day of June, 2009.

s/ William C. Griesbach
William C. Griesbach
United States District Judge