UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESSE H. SWINSON,

      Petitioner,

v.                                                  Case No. 09-C-411

BRADLEY HOMPE,

      Respondent.

**DECISION AND ORDER DENYING RULE 59(e) MOTION AND
DENYING MOTION FOR ISSUANCE OF A STAY**

On April 22, 2009, the petitioner, Jesse H. Swinson ("Swinson"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that the Wisconsin Parole Commission and various state employees have been hampering his efforts to be paroled, in violation of state law and the United States Constitution. The case was originally assigned to United States District Judge William C. Griesbach but was reassigned to this court for resolution of the petitioner's claims and for final judgment after both of the parties consented to magistrate judge jurisdiction. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b)(1).

On September 10, 2009, this court issued an order dismissing Swinson's federal habeas corpus petition. Judgment was entered accordingly on September 14, 2009. Thereafter, Swinson filed a motion for reconsideration of that decision on September 21, 2009, pursuant to Federal Rule Civil Procedure 59(e). If his motion is denied, Swinson has requested that the court order a stay of the habeas petition or, in the alternative, that the court convert the habeas petition to an action under 42 U.S.C. § 1983.

The only grounds for a Rule 59(e) motion are newly discovered evidence, an intervening change in the controlling law, or a manifest error of law or fact. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998); *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995); *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). A "manifest error" is "not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N. D. Ill. 1997)).

After reviewing Swinson's motion in conjunction with my September 10, 2009 Decision and Order, nothing presented in the petitioner's motion persuades me that my earlier decision is incorrect. First, Swinson has not presented any newly discovered evidence. Second, Swinson's motion does not demonstrate the "wholesale disregard, misapplication, or failure to recognize the controlling precedent."

As I stated in my previous order, federal habeas relief is the exclusive procedural device for a state prisoner who challenges the "very fact or duration of his physical imprisonment." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). After two petitioners in *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005), challenged their parole-eligibility and suitability proceedings in a § 1983 action, the state of Ohio argued that their suits "collaterally attacked[ed] the *duration* of their confinement," and therefore should be brought under habeas corpus. *Id.* The Court noted, however, that "[t]he problem with Ohio's argument lies in its jump from a true premise (that in all likelihood the prisoners hope these actions will help bring about earlier release) to a faulty conclusion (that habeas is their sole avenue for relief)." *Id.* Similarly, Swinson appears, again, to be complaining of the procedures used

2

in considering his parole application. Although such a challenge to the rules affecting confinement can *potentially* affect the duration of confinement, success for Swinson does not mean immediate release or even speedier release from confinement. *See Richmond v. Scibana*, 387 F.3d 602, 605-06 (7th Cir. 2004) (stating that challenges to the rules affecting the conditions of custody must be brought under the Administrative Procedures Act). Accordingly, the petitioner's claim is not one of entitlement to release, but one that argues for an opportunity to be considered for release, which is a claim that does not lie at "the core of habeas." *See Wilkinson*, 544 U.S. at 82.

To be sure, the petitioner's claim is not one that "would necessarily imply the invalidity of his conviction or sentence." *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Indeed, Swinson states: "Although the sentence as pronounced is extremely harsh and should be unconscionable . . . it is nonetheless under the statutory maximum and per-say statutorily legal." (Pet.'s Br. at 8.) In any event, Swinson appears to be litigating the same issue, and Rule 59(e) reconsideration motions are not the proper vehicles for relitigating old issues. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007).

Swinson next moves the court to order "a stay of the petition, by whatever procedural means it determines appropriate, until a § 1983 action can be pursued . . . ." (Pet.'s Br. at 12.) A stay is "[t]he postponement or halting of a proceeding, judgment, or the like;" "[a]n order to suspend all or part of a judicial proceeding or a judgment resulting from that proceeding." Black's Law Dictionary 1425 (7th ed. 1999). It makes little sense to halt or suspend a proceeding that involves a non-cognizable claim. Being that the claim is not cognizable under habeas review, it is difficult to discern any benefit of staying the proceeding because once the stay would be lifted, the petitioner's claim would still not be brought within the proper procedural vehicle.

3

Moreover, the availability of a stay is limited even when a habeas petition presents a cognizable claim. A court that is faced with a "mixed" petition, i.e., a petition that presents both unexhausted and exhausted claims has the discretion to stay the petition and place it is in abeyance "in situations where dismissal is likely to terminate any federal review." *Lee v. Paquin*, No. 08-cv-697-bbc, 2009 WL 3047603, at *3 (W.D. Wis. September 18, 2009) (citing *Rhines v. Weber*, 544 U.S. 269, 274 (2005)). However, a "stay and abeyance should be available 'only in limited circumstances' in order not to undermine the Antiterrorism and Effective Death Penalty Act's twin purposes of encouraging finality and streamlining federal habeas proceedings." *Id.* (citing *Rhines*, 544 U.S. at 277). If the availability of a stay is limited in a habeas proceeding that involves a cognizable claim, it appears less likely that a stay is appropriate in a proceeding that involves a non-cognizable claim. Therefore, I decline to issue a stay of this petition.

Finally, Swinson argues in the alternative that if § 2241 is not the proper procedural vehicle for his complaint, the court should convert his petition into a civil rights action. According to the court in *Glaus v. Anderson*, 408 F.3d 382, 388-89 (7th Cir. 2005):

> In *Graham*, we wrote that if a *pro se* litigant asks for habeas corpus when he should have brought a civil rights suit, all he has done is mislabel his suit, and either he should be given leave to plead over or the mislabeling should simply be ignored. . . . [H]owever, we recognized that the proper scope of recharacterization had been narrowed as a result of the changed landscape caused by the Prison Litigation Reform Act of 1996 (PLRA) and the Antiterroism and Effective Death Penalty Act of 1996 (AEDPA). There are pitfalls of different kinds for prisoners using the wrong vehicle . . . . If a person files a habeas corpus petition that should be presented under other statutes, he or she may be subject to the three-strikes rule of the PLRA and somewhat different exhaustion requirements. Other important differences include the identity of the defendant (the warden, versus the doctors, or guards, or others responsible for the alleged injury), the amount of the filing fee, the way in which exhaustion must be accomplished, and the type of restriction on successive lawsuits. In most cases, therefore, the district court should evaluate cases as the plaintiffs label them.

4

*Id.* at 388 (citations and quotations omitted). The Seventh Circuit has also stated that the many differences between habeas corpus petitions and § 1983 actions "have led us to say that a petition for habeas corpus may not be 'converted' to a civil suit, nor may district judges convert suits in the other direction." *Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004) (citing *Copus v. Edgerton*, 96 F.3d 1038 (7th Cir. 1996); *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997)).

Based upon the Seventh Circuit's discussion of the differences between habeas corpus petitions and § 1983 actions, conversion of Swinson's petition is improper. My previous decision and order, where I cautioned Swinson that his complaint would be subject to the provisions of the PLRA, illustrates the above-mentioned differences. Under the PLRA, the exhaustion requirements, the three-strikes rule, and the filing fee are different. *See Scibana*, 387 F.3d at 606. In the present action, the identity of any defendant is also an important difference between a habeas petition and a § 1983 action.

In addition to the advisement of the foregoing consequences of refiling under § 1983, the *Glaus* court instructed that a district court should also make clear that it is "not making a decision on the ultimate merit of the case" and that "the prisoner may refile immediately under the proper legal label, subject to the normal rules such as those prohibiting frivolous lawsuits." 408 F.3d at 389-90. Accordingly, Swinson may refile his complaint under § 1983, subject to the PLRA requirements and other "normal rules."

**NOW THEREFORE IT IS ORDERED** that the petitioner's motion for reconsideration be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that petitioner's motion for the issuance of a stay be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that petitioner's conversion request be and hereby is **DENIED**.

**SO ORDERED** this 19th day of October, 2009, at Milwaukee, Wisconsin.

                                                  **BY THE COURT:**

                                                  s/ William E. Callahan, Jr.
                                                  WILLIAM E. CALLAHAN, JR.
                                                  United States Magistrate Judge